IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHELLIE LYNN WEBBER,

        Plaintiff,                      No. 03:13-cv-2088-AC

     v.

CAROLYN W. COLVIN,              ORDER
Commissioner of Social Security,

        Defendant.

HERNANDEZ, District Judge:

    Magistrate Judge Acosta issued a Findings and Recommendation (#27) on November 5, 2015, in which he recommends that this Court deny Plaintiff's request for fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

    When any party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

1 - ORDER

I have carefully considered Plaintiff's objections and I agree with Plaintiff that the Magistrate Judge erred in his conclusion that the Commissioner's position regarding the new evidence was substantially justified. Because that alone justifies an award of EAJA fees, I do not address the substantial justification of the Commissioner's position regarding Plaintiff's credibility.

Judge Acosta's Findings & Recommendation sets out the EAJA standards and I do not repeat them there. Nov. 5, 2015 Findings & Rec. at 3-4, 5-6. As Judge Acosta noted in his November 5, 2015 Findings & Recommendation, Plaintiff presented evidence to the Appeals Council after the ALJ's opinion was filed. Id. at 14. In his March 16, 2015 Findings & Recommendation in which he reversed the ALJ's decision that Plaintiff was not disabled, Judge Acosta noted that the new evidence included MRIs of both of Plaintiff's knees which showed severe degenerative joint disease of both knees, degenerative meniscal tearing, bilateral medial meniscal extrusion, and large bilateral joint effusions with synovitis and intraarticular bodies. Mar. 16, 2015 Findings & Rec. at 4. The Appeals Council received this additional evidence and made it part of the record. Id. at 5 (citing Tr. 5). The Appeals Council nevertheless found that the additional evidence did not provide a basis for changing the ALJ's decision and therefore, it denied Plaintiff's request for review. Id.

Before Judge Acosta, the Commissioner argued, inter alia, that there was substantial evidence in the record, including the MRI results considered by the Appeals Council, to support the ALJ's decision. Id. Judge Acosta rejected that argument. Id. at 8-10. First, he noted that the Commissioner did not argue that the new evidence was immaterial or that it related to a period after the date of the ALJ's written decision. Id. at 8. Then, he framed the question for the Court

2 - ORDER

as "whether this additional evidence renders the ALJ's decision as lacking in substantial evidence." Id. at 8-9. Judge Acosta concluded that the objective medical evidence of the MRI showing that Plaintiff suffers severe degenerative joint disease in both knees, "paired with" Plaintiff's subjective reports of pain and disability, namely her use of a cane and a wheelchair, "renders the ALJ's RFC assessment not supported by substantial evidence." Id. at 9. The MRI evidence bore "directly and substantially on the ALJ's disability determination" and there was a "reasonable possibility" the MRI results would have changed the outcome. Id. (internal quotation marks omitted). Specifically, Judge Acosta wrote that there was a "reasonable possibility [that the MRIs and] Dr. Brooksby's assessments, when considered with the other evidence of the record, may have altered the ALJ's finding that [Plainitff] did not satisfy the criteria for a § 1.02 listing and [that] she retained the RFC to perform her past relevant work." Id.

Finally, as to this issue, Judge Acosta noted in his March Findings & Recommendation that because the record included evidence supporting conclusions of both disability and non-disability, remand was appropriate. Tr. 10. Particularly, the ALJ needed the opportunity to review the new evidence to determine whether Plaintiff suffered a listed impairment. Id. And, the ALJ needed to assess whether Plaintiff's limitations, when considering the new evidence, affected the RFC and her ability to work. Id.

In his November 5, 2015 Findings & Recommendation, Judge Acosta notes in the Background section, that in his March Findings & Recommendation, he found that the new evidence was material, should have been considered, and created a reasonable possibility of a different outcome. Nov. 5, 2015 Findings & Rec. at 3. However, in later discussing the issue and whether the government's position in regard to the new evidence was substantially justified,

3 - ORDER

he notes that in his March Findings & Recommendation, he found that there was a possibility that the new evidence might <u>not</u> alter the ALJ's findings and that the record included evidence supporting the ALJ's, and therefore, the Appeals Council's, finding.

The "substantially justified" analysis focuses only on the issue(s) upon which remand was allowed. <u>Tobeler v. Colvin</u>, 749 F.3d 830, 834 (9th Cir. 2014) (citing <u>Lewis v. Barnhart</u>, 281 F.3d 1081, 1083 (9th Cir. 2002); <u>Flores v. Shalala</u>, 49 F.3d 562, 564 (9th Cir. 1995)). Thus, the issue here is whether the Commissioner's decision to defend the ALJ's RFC in this Court in light of the new evidence presented to the Appeals Council, was substantially justified. Despite evidence in the record which detracted from a finding of disability, Judge Acosta made clear that the new evidence undermined the ALJ's decision and rendered it unsupported by substantial evidence in the record. Although the new evidence did not conclusively establish disability, it was material and relevant to a Step Two finding. Additionally, it was relevant to the analysis at Steps Four and Five regarding Plaintiff's RFC and her ability to work.

In a similar case, Judge Simon adopted a Findings & Recommendation by Judge Papak and allowed EAJA fees to a plaintiff who had secured a remand based on new evidence submitted to the Appeals Council. <u>Eastman v. Astrue</u>, No. 3:11-cv-701-PK, 2013 WL 1130762, at *5 (D. Or. Mar. 15, 2013). There, the "Commissioner's litigation position was that the ALJ's decision was supported by substantial evidence when viewing the record as a whole, including the new evidence." <u>Id.</u> As in <u>Eastman</u>, Defendant argued here that the new evidence would not change the outcome of the ALJ's decision at Step Two or in the formulation of the RFC. As in <u>Eastman</u>, Defendant here "chose to defend the ALJ's opinion, . . . despite the ALJ not having the benefit of the new evidence." <u>Id.</u>

4 - ORDER

As Judge Simon explained in Eastman, the Court reviews the Commissioner's litigation position with respect to the issue(s) remanded, and "not whether the new evidence support[s] a finding of disability as opposed to a remand for further proceedings." Id. Here, Judge Acosta disagreed with the Commissioner's litigation position on the relevant issue, found that the ALJ's RFC was not supported by substantial evidence, found that there was a "reasonable possibility" that the new evidence could alter the outcome at Step Two as well as the RFC, and ordered the case remanded. This is remarkably similar to the facts in Eastman. I agree with Judge Simon's reasoning that "[g]iven the type and content of the new evidence, the effect the new evidence would likely have on the ALJ's conclusions, and the failure of the Commissioner to object to the F & R on the merits, the government fails to meet its burden to show that its litigation positions with respect to the new evidence were substantially justified." Id. The same is true here. Given the new evidence, the government was not substantially justified in defending the ALJ's decision before this Court.

As a result of my conclusion, I address the merits of Plaintiff's request for fees. Plaintiff seeks fees for 22.7 hours of work, the majority of which was performed in 2014. Defendant does not object to the number of hours, nor to the rates which are calculated pursuant to the EAJA formula See Sorenson v. Mink, 239 F.3d 1140, 1148 (9th Cir. 2001) (explaining that EAJA sets a statutory cap of $75 per hour, which the district court may increase to compensate for an increase in the cost of living, and noting the calculation of multiplying the basic EAJA rate by the consumer price index for urban consumers (CPI–U) for the time in which the work was performed, and then dividing the product by the CPI–U in the month that the cap was imposed); see also Attach. 1 to Pl.'s Mtn. (EAJA/COLA Computation). I have reviewed Plaintiff's

5 - ORDER

supporting materials and find that the hourly rates and amount of hours are appropriate. Plaintiff is awarded $4,299.43 in EAJA fees, plus $12.50 for copies and $11.58 for postage, for a total award of $4,323.51.

## CONCLUSION

The Court declines to adopt Magistrate Judge Acosta's November 5, 2015 Findings & Recommendation [27]. Plaintiff's motion for EAJA attorney's fees [23] is granted. It is ordered that EAJA attorney's fees of $4,299.43, plus $11.58 in expenses and $12.50 in copying costs, if not subject to any offset allowed under the U.S. Department of the Treasury's Offset Program as discussed in Astrue v. Ratliff, 560 U.S. 586 (2010), shall be paid to Plaintiff and mailed to her attorney's office.

IT IS SO ORDERED.

DATED this  21  day of  December, 2015.

MARCO A. HERNANDEZ
United States District Judge

6 - ORDER